IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO TYLER<br>547 SANGER STREET<br>PHILADELPHIA, PA 19120 | CIVIL ACTION NO. |
| V. | |
| THE CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>CURRENTLY UNAMED AND UNKNOWN CITY OF PHILADELPHIA POLICE OFFICERS | JURY TRIAL DEMANDED<br><br>10-1338 |

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aformentioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2. Plaintiff is Alfonso Tyler who has an address of 547 Sanger Street, Philadelphia, PA.

3. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employes the currently unamed and unknown City of Philadelphia Police Officers referred to in the caption above.

4. The currently unamed and unknown City of Philadelphia Police Officers are employees of the City of Philadelphia, and at all times relevant to the averments of this Complaint, were acting under color of state law, and are being sued in their official and individual capacities.

FACTUAL ALLEGATIONS

5. On October 30, 2009, Plaintiff was arrested in Philadelphia at/around

5th and Olney Streets in Philadelphia.

6. At the time of his arrest, Plaintiff was attempting to break up an argument between two other men, outside of an establishment, when the police came upon the scene of the arrest - Plaintiff had not engaged in any unlawful conduct at the time of his arrest.

7. At the time of his arrest, Plaintiff was in possession of his legally licensed firearm (pistol), of which he immediately informed the police when they arrested him, indicating its location on his waistband.

8. The police proceeded to forcefully handcuff Plaintiff, despite his complaint that the officer was being too rough and that he had an injured wrist from a motor vehichle accident.

9. Upon Plaintiff telling the police that he had a firearm, one or more officers hit him in the back of his head with extreme force, twisted his neck forcefully and then shoved him into the back of a police cruiser.

10. The police drove Plaintiff to the location of 6th and Marshall Streets, Philadelphia, PA, and dragged him from the cruiser - after the police received a radio call, they uncuffed Plaintiff and left the scene.

11. After the actions described in paragraph 10 above, the police did not return Plaintiff's firearm to him.

12. Plaintiff walked from 6th and Marshall Streets, back to his car at 5th and Olney Streets.

13. Plaintiff drove to the 35th Police District for the purposes of complaining about the events described in paragraphs 5-12, above and to retreive his firearm.

14. Upon his arrival at the 35th Police District, and explaining to several police officers what had occurred, those officers became very hostile and verbally abusive towards Plaintiff (one officer called Plaintiff a "dumb ass") - Plaintiff responded in a manner which expressed his legal right to protest what he perceived to be illegal behavior by the police, under his right to free speech under the Constitution of the United States.

15. The police then arrested him, charging him with summary offenses

excessive force, unlawful seizure, and false imprisonment. As a result of the Defendants' conduct Plaintiff suffered violation of his rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

23. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered and continues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

24. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and/or stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes; arresting suspects based on racial considerations, e.g., racial profiling.

b. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

d. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct;.

f. Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences, persons whom they have either previously arrested,

or simply have stereotyped as being criminals.

g. unlawful arrest, or arrests to achieve ends not reasonably related to their police duties;and

h. The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

25. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

26. Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's Fees and Costs;

d. Such other and further relief as appears reasonable and just;

e. A jury trial as to each Defendant as as to each count.

## SECOND CAUSE OF ACITON
## SUPPLEMENTAL STATE CLAIMS

27. Plaintiff incorporates paragraphs 1-26 above as though fully set forth herein.

28. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute assault, battery, defamation, invasion of privacy, including false light privacy, intentional infliction of emotional distress, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;